IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02190-BNB

ROBERT EUGENE VALCIK,

    Plaintiff,

v.

EL PASO COUNTY DISTRICT COURT,
R. GOMEZ,
S. R. ACEY,
CYNTHIA J. JONES,
CATHERINE D. MITCHELL,
LAUREL HUSTON,
GAYLE MINISH, and
LARRY SCHWARTZ,
MR. CATRON, First Name Unknown,
MS. TERESA, Last Name Unknown,
SARAH BULKLEY,
CECIL TURNER,
ARISTIDES ZAVARAS,
STEVEN HARTLEY,
TERRY MAKETA,
JOHN NEWSOME,
JANN DUBOIS,
SAMELSON, First Name Unknown,
JAN EAKIN,
DOOLITTLE, First Name Unknown,
TRUE, First Name Unknown,
BLANK, First Name Unknown,
M. ZAMONAS, First Name Unknown,
RICHARD TOTH, and
BRIAN DOUTHIT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2008

GREGORY C. LANGHAM
             CLERK

ORDER OF DISMISSAL

Plaintiff Robert Eugene Valcik currently is detained at the El Paso County Jail in Colorado Springs, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Valcik is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Valcik sets forth two claims. In Claim One, he asserts that he has been subjected to an illegal conviction and sentence. In Claim Two, he asserts that Defendant Larry Schwartz refuses to credit him with the proper time served. Mr. Valcik requests that his convictions and sentences be dismissed, that the DOC records be corrected, and that he be released immediately. He also seeks money damages.

To the extent that Plaintiff is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Furthermore, to the extent that Plaintiff is seeking credit for any time served, he is challenging the execution of his sentence and his claim more properly is raised in a 28 U.S.C. § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir 2000).

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477

2

(1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Valcik, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated his conviction. Mr. Valcik does not allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by *Heck*.

Plaintiff's claims also suffer from other deficiencies. Defendant Judge Larry Schwartz is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Schwartz's sentencing or resentencing of Plaintiff is an action taken in his judicial capacity. Judge Schwartz was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Schwartz are barred by absolute judicial immunity.

Defendants Laurel Huston and Gayle Minish are district attorneys. With respect to the prosecutorial activities in which Defendants Huston and Minish were involved in

Plaintiff's state criminal case, they enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Valcik's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), **cert. denied sub nom. Swepston v. Snell**, 499 U.S. 976 (1991). Therefore, Defendants Huston and Minish are inappropriate parties to this action based on absolute immunity.

Defendant Catherine D. Mitchell is a private attorney. Any named Defendant who is a private attorney is not a state actor under § 1983 and would not be a proper party in the instant action. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). As for Defendant Cynthia J. Jones, a public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding is not acting "under color of state law" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Jones, therefore, is an inappropriate party to this action.

Furthermore, the El Paso County District Court is protected by Eleventh Amendment immunity and, therefore, also is immune from suits for monetary damages and declaratory relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

Nonetheless, Plaintiff's claims for damages are barred by *Heck* and will be dismissed without prejudice under *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 12 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02190-BNB

Robert Eugene Valcik
Prisoner No. A00164643
El Paso County Criminal Justice Center
2739 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/13/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk